United States District Court
Southern District of Texas
**ENTERED**
January 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:23-CV-00044 |
| | § | |
| THE GRAMMY AWARDS ON CBS, *d/b/a* | § | |
| THE RECORDING ACADEMY/NATIONAL | § | |
| ACADEMY OF RECORDING ARTS AND | § | |
| SCIENCES (NARAS), | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court pursuant to *pro se* Plaintiff Ronald Satish Emrit's complaint against "The Grammy Awards on CBS d/b/a The Recording Academy/National Academy of Recording Arts and Sciences (NARAS)" ("Defendant"). (Doc. No. 1.) Plaintiff demonstrated his inability to pay the required court costs, and the undersigned granted his application to proceed *in forma pauperis*. *See Emrit v. The Grammy Awards on CBS*, No. 6:23-mc-00005, Doc. No. 1 (S.D. Tex.). Before any further action by the Court, Plaintiff filed an interlocutory appeal. *See* Doc. No. 4. The Court of Appeals for the Fifth Circuit dismissed the appeal for lack of jurisdiction, finding that Plaintiff failed to identify any appealable judgment or order. (Doc. No. 9.) Therefore, Plaintiff's complaint is again before this Court and subject to screening under 28 U.S.C. § 1915(e)(2).[1]

---

[1] This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive matters pursuant to 28 U.S.C. § 636.

For the reasons below, the undersigned recommends that Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief may be granted, improper venue, and frivolousness. The undersigned also recommends that any request for leave to amend be DENIED and that Plaintiff be SANCTIONED under Rule 11 of the Federal Rules of Civil Procedure and barred from filing additional civil lawsuits in the Southern District of Texas without first obtaining leave to file from the Chief United States District Judge.

### A. *Plaintiff's complaint and filing history.*

In the instant action, Plaintiff seeks $45 million in "punitive, compensatory, and treble damages," alleging that Defendant discriminated against Plaintiff because of his race and disability, when Defendant's Los Angeles Chapter ended his "Grammys membership" in 2010 and rejected Plaintiff's requests to reinstate his membership and "take his Ukrainian fiancé[e] to the Grammy Awards." (Doc. No. 1, pp. 1, 5.) Plaintiff also seeks injunctive relief in the form of an order to Defendant to reinstate Plaintiff's Grammys membership. *Id.* at 1-2, 7. Plaintiff asserts that Defendant is no longer popular and has "significant" legal and public relations problems for awarding specific "sick" and "ugly" recording artists, several of whom have been publicly disgraced.

Plaintiff, who claims to be an African American man, a former presidential candidate, and an independent recording artist (Doc. No. 1, pp. 2, 5), has been labeled as "a serial *pro se* filer of frivolous complaints," responsible for filing countless civil actions in federal courts across the country. *Emrit v. Devos*, No. 2:20-CV-00052, 2020 WL 1279205, at *1 (S.D. Tex. Feb. 2, 2020) (Hampton, M.J.); *see also Emrit v. Barkley*, No. 23-1275, 2023 WL 3300970, at *1 (3d Cir. May 8, 2023) (affirming dismissal without leave to amend due to the frivolous nature of Plaintiff's claims, noting Plaintiff "has filed over 500 lawsuits throughout the country"). In fact,

Plaintiff filed 16 lawsuits identical to the instant action against Defendant in other federal courts between the months of August and September 2023,[2] two of which are filed in other district courts in Texas.[3] As of the date of this Memorandum and Recommendation, six of the 16 identical suits have been dismissed as frivolous or for failure to state a claim,[4] three were transferred to the Central District of California[5] (and subsequently dismissed),[6] two are the subject of recommendations issued by magistrate judges pending with district courts (both of which recommend dismissal for failure to state a claim),[7] and two are pending action.[8]

Moreover, this is Plaintiff's third civil action in the Southern District of Texas. His previous lawsuits in this district were dismissed as frivolous under 28 U.S.C. § 1915. *See Emrit v. Devos*, No. 2:20-CV-00052, 2020 WL 1272606, at *1 (S.D. Tex. Mar. 17, 2020) (Morales, J.);

---

[2] Plaintiff also alleged similar claims against the Grammy Awards, without success, in 2015. *See, e.g.*, *Emrit v. Nat'l Acad. of Recording Arts and Scis., et al.*, No. A-14-CA-392-SS, 2015 WL 518774 (W.D. Tex. Feb. 5, 2015) (dismissing Plaintiff's complaint and barring Plaintiff from filing any additional lawsuits in the Western District of Texas without first obtaining leave from a federal judge in that district or from a circuit judge on the Fifth Circuit Court of Appeals).

[3] *See Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-00181 (N.D. Tex.); *Emrit v. The Grammys Awards on CBS*, No. 4:23-cv-00807 (E.D. Tex.).

[4] *Emrit v. The Grammy Awards*, No. 3:23-cv-00304, Doc. No. 9 (N.D. Miss. Dec. 14, 2023); *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-00205, Doc. No. 9 (E.D. Tenn. Dec. 8, 2023); *Emrit v. The Grammy Awards*, No. 3:23-cv-00828, Doc. No. 8 (M.D. Tenn. Nov. 29, 2023); *Emrit v. The Grammy Awards on CBS*, No. 1:23-cv-00953, Doc. No. 9 (W.D. Mich. Oct. 30, 2023); *Emrit v. The Grammy Awards on CBS*, No. 5:23-cv-00499, Doc. No. 4 (E.D.N.C. Oct. 6, 2023); *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-00181, Doc. No. 5 (N.D. Tex. Sept. 12, 2023).

[5] *Emrit v. The Grammy Awards*, No. 3:23-cv-04032, Doc. No. 10 (D.S.C. Oct. 26, 2023); *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-06650, Doc. No. 4 (E.D.N.Y. Oct. 6, 2023); *Emrit v. The Grammy Awards*, No. 2:23-cv-03284, Doc. No. 7 (E.D. La. Sept. 26, 2023).

[6] *See Emrit v. The Grammy Awards*, No. 2:23-cv-08162, Doc. No. 14 (C.D. Cal. Dec. 11, 2023); *Emrit v. The Grammy Awards*, No. 2:23-cv-09136, Doc. No. 13 (C.D. Cal. Nov. 1, 2023); *Emrit v. The Grammys Awards on CBS*, No. 2:23-cv-08593, Doc. No. 7 (C.D. Cal. 10/23/2023).

[7] *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-01155, Doc. No. 4 (N.D.N.Y. Oct. 6, 2023); *Emrit v. The Grammy Awards on CBS*, No. 2:23-cv-02575, Doc. No. 8 (W.D. Tenn. Sept. 27, 2023).

[8] *Emrit v. The Grammys Awards on CBS*, No. 4:23-cv-00807 (E.D. Tex.); *Emrit v. Grammys Awards on CBS*, No. 3:23-cv-00625 (W.D. Wis.).

*Emrit v. Jules*, No. 6:23-CV-00031, 2023 WL 5963436, at *1 (S.D. Tex. Sept. 13, 2023) (Ramos, J.). In both cases, the district court threatened Plaintiff with sanctions, including filing restrictions, if he continued to file frivolous suits in the Southern District of Texas. *Devos*, 2020 WL 1272606, at *1; *Jules*, 2023 WL 5963436, at *1.

### B. Standard of review.

An *in forma pauperis* complaint may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if "the action or appeal (i) is frivolous; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Additionally, a plaintiff's suit may be dismissed as frivolous pursuant to § 1915(e)(B) if it makes factual allegations that are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 328). A dismissal for frivolousness may occur at any time before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th

Cir. 1999) (*per curiam*) (citations omitted).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id*. (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).  "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citing *Vender Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007)).  The factual allegations asserted must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's complaint should not be dismissed.  *Id*.

As Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor.  *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  *Pro se* status does not, however, offer a plaintiff "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

C. **Discussion.**

Having reviewed and liberally construed the allegations of Plaintiff's complaint, the undersigned concludes that Plaintiff fails to state a claim that would entitle him to relief, and that even if he had, Plaintiff has filed this case in the wrong venue.  Because Plaintiff has abused the

judicial process due to his incessant frivolous filings, this case should be dismissed as malicious, and Plaintiff should be barred from filing additional suits in this district.

### 1. *Plaintiff has failed to state any plausible claim.*

Plaintiff fails to plausibly allege that his civil rights under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 (ADA), the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the Privileges and Immunities Clause of the Constitution have been violated by Defendant's alleged refusal to reinstate Plaintiff's Grammys membership.  (Doc. No. 1, p. 4.)  He likewise fails to establish a valid "breach of contract" claim against Defendant.  *Id*. at 7.

First, Plaintiff's Title VII claim is misguided.  Title VII bars an employer from ". . . discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.A. § 2000e-2(a).  Plaintiff does not allege that he has ever worked for Defendant in any capacity or that Defendant has been his employer at any time.  Accordingly, Plaintiff has failed to state a Title VII claim.

Plaintiff also fails to plausibly assert a basis under the ADA for Defendant's alleged discrimination against Plaintiff's alleged disability.  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In his complaint, Plaintiff only broadly asserts a claim under the ADA. Plaintiff does not specify any disability he might have, let alone explain how Defendant discriminated against him because of that purported disability.  Plaintiff's conclusory allegations

fail to sufficiently assert an ADA claim, and certainly not one that would provide adequate notice to Defendant. Consequently, Plaintiff's vague references to Title VII and the ADA do not establish legal bases for relief.

Likewise, Plaintiff's constitutional claims are unactionable. Plaintiff contends that he was discriminated against in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. However, the Fourteenth Amendment only provides civil rights protections against discrimination by state actors. U.S. Const. amend. XIV; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 923-24, 936 (1982) (the Fourteenth Amendment offers no shield against private conduct, however discriminatory or unlawful). "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Only those private parties, "jointly engaged with state officials in the prohibited action, are acting 'under color' of law" and thus would implicate equal protection rights under the Fourteenth Amendment. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). Here, Plaintiff does not allege that Defendant was acting 'under color of state law' at the time of the alleged discrimination. Therefore, his Fourteenth Amendment claim fails as a matter of law.

Moreover, Plaintiff's only assertion of racial discrimination by Defendant for being African American is "if I were a white man then my Grammys membership would have been reinstated." (Doc. No. 1, p. 2.) He ineffectively attempts to substantiate his claim by noting that recording artist Abel Makkonen Tesfaye, known professionally as The Weeknd, "also believes the Grammys are racist." *Id*. Such "threadbare recitals" of racial discrimination do not raise the level of Plaintiff's claims beyond mere speculation.

In addition, Plaintiff erroneously invokes the Constitution's Privileges and Immunities Clause as a basis for his discrimination claims against Defendant. The Privileges and Immunities Clause entitles "Citizens of each State . . . to all Privileges and Immunities of Citizens in the several states." U.S. Const. art. IV, § 2, cl. 1. The clause prohibits discrimination against citizens of other states simply because they are citizens of other states. *Saenz v. Roe*, 526 U.S. 489, 502 (1999). "When the Privileges and Immunities Clause has been applied to specific cases, it has been interpreted to prevent a State from imposing unreasonable burdens on citizens of other States in their pursuit of common callings within the State." *Baldwin v. Montana Fish and Game Comm'n*, 436 U.S. 371, 383 (1978). As discussed above, Defendant is neither a state government nor an actor of a state. Plaintiff has not proffered any facts that would justify a claim under the Privileges and Immunities Clause.

Finally, Plaintiff's breach of contract claim is untimely and insufficiently pleaded. Plaintiff states he is seeking $45 million in relief because he "used to be in 'privity of contract'" with Defendant and Defendant materially breached that contract by revoking his Grammys membership. (Doc. No. 1, p. 7.) Plaintiff also seeks injunctive relief of specific performance to reinstate his membership, so that he could attend awards shows with his Ukrainian fiancée. *Id*. However, Plaintiff's breach of contract claim is barred by the applicable statute of limitations. A district court may raise the statute of limitations defense *sua sponte* in an *in forma pauperis* action. *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). "When it is clear from the face of a complaint filed *in forma pauperis* that the claim asserted is barred by the applicable statute of limitations, the claims are properly dismissed pursuant to § 1915(e)." *Young v. Adams*, 693 F. Supp. 2d 635, 638 (W.D. Tex. 2010) (citing *Ali*, 892 F.2d at 440; *Burrell*, 883 F.2d at 418).

In Texas, the statute of limitations for a breach of contract claim is four years. *See* Tex. Civ. Prac. & Rem. Code § 16.003. Plaintiff contends that Defendant revoked his Grammys membership in 2010, 13 years before his filing of this suit and well past the four-year limitations period. Thus, the ship carrying Plaintiff's breach of contract claim has long since sailed.

Even if his breach of contract claim was not time-barred, Plaintiff's allegations here, as with his other claims, are merely conclusory and not sufficiently pleaded to be taken seriously by the Court. Plaintiff does not provide any facts regarding the terms of any purported contract, other than relating the contract to his alleged Grammys membership. *Id*. Accordingly, Plaintiff fails to plausibly allege a legal basis for relief under any statutory or constitutional provision or contractual claim raised in his complaint, and the undersigned recommends that the district court dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff's complaint is riddled with nonsensical facts that render his complaint frivolous. As discussed above, Plaintiff claims that the Los Angeles Chapter of Defendant revoked his Grammys membership in 2010 and refuses to reinstate it because of his race and disability. (Doc. No. 1, pp. 2, 4.) However, Plaintiff does not explain details of explicit discrimination against him. *Id*. Defendant's action, Plaintiff claims, is preventing him from taking his Ukrainian fiancée to the Grammy Awards. *Id*. at 5. Plaintiff cites to a celebrity's alleged view that the Grammy Awards are racist, and that Plaintiff's claims are no different. *Id*. He also asserts that Defendant has legal and public relations problems by supporting certain "very sick" and "ugly" celebrities, *id*. at 1, but he does not convey any correlation between Defendant's "problems" and the alleged harm to Plaintiff. It is unclear, on the face of the complaint, how Plaintiff's fantastical statements and characterizations specifically relate to

Defendant's alleged discrimination. Thus, the undersigned concludes that Plaintiff's complaint is frivolous and should be dismissed accordingly.

### 2. The Southern District of Texas is not the proper venue to oversee Plaintiff's case.

Furthermore, this court is not the proper venue for Plaintiff's action. A court may consider *sua sponte* whether venue is proper and has broad discretion to transfer a case under 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Plaintiff pleads venue under § 1391, which provides that venue is proper in a judicial district where: (b)(1) "any defendant resides . . .;" (b)(2) "a substantial part of the events or omissions giving rise to the claim occurred . . .;" or (b)(3) a defendant "is subject to the court's personal jurisdiction" and "there is no district in which an action may otherwise be brought as provided in this section."

Venue is improper on all three accounts. Defendant is not alleged to reside in this district, none of Plaintiff's allegations relate at all to this district, and Defendant is not subject to this Court's personal jurisdiction. For personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that the defendant purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" such that imposing a judgment "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).[9]

---

[9] Personal jurisdiction in federal courts is also governed by the law of the state in which the federal court sits. But because Texas's long-arm statute extends to the limits of federal due process, assessing its statute and due process

Plaintiff, who claims to be a resident of either Florida or Maryland, alleges that he "no longer lives in Fort Worth, Texas," and his claims against Defendant center around Defendant's Los Angeles chapter, which is in the Central District of California.  (Doc. No. 1, p. 1.)  However, he does not assert any discernable facts, other than a Texas phone number within a myriad of phone numbers purportedly belonging to various chapters of Defendant, *see id*. at 3, to establish that Defendant has any "minimum contacts" with the state of Texas to permit the Court to exercise personal jurisdiction over a nonresident Defendant.  And even if Plaintiff had resided in Fort Worth, Texas, at the time of his purported contract with Defendant (which Plaintiff does not allege), that residence could not alone serve as a basis for personal jurisdiction.  *See Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 311 ("[A] plaintiff's unilateral activities in Texas do not constitute minimum contacts where the [nonresident] defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas.").

Indeed, a Texas phone number with an Austin area code (512)[10] is Plaintiff's only reference to this state (Doc. No. 1-1, p. 4), and the alleged source of Plaintiff's grievances, Defendant's Los Angeles chapter, sits in the Central District of California.  Thus, venue is plainly improper in the Southern District of Texas, and this Court has no power to preside over this case.  Moreover, it appears that Plaintiff is simply forum shopping.  He refers to several previous cases he has filed, some of which he claims resulted in "favorable rulings," and states

---

"collapses into one federal due process analysis."  *Sangha*, 882 F.3d at 101 (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

[10]  Austin is located in the Western District of Texas.  *See* 28 U.S.C. § 124(d)(1).

that he will file more lawsuits against Defendant in those and other districts.  (Doc. No. 1, p.  2, 8.)

Because Plaintiff's complaint fails to state a claim, the interests of justice would not be served by transferring this case to a proper venue.  Accordingly, the Court should dismiss this complaint.

### *3. Plaintiff's case should be dismissed because it is malicious and abuses the judicial process.*

Although determining improper venue provides a district court with discretion to transfer a case to the proper forum, Plaintiff's complaint should nonetheless be dismissed.  Title 28 of the United States Code, Section 1915(e)(2)(B)(i), requires a court to dismiss a complaint filed *in forma pauperis* if it is, among other things, malicious.  In this circuit, a court may dismiss a complaint as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation.  *See Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012).  An action is duplicative or malicious if it involves the same series of events and alleges many of the same facts as an earlier suit.  *See Bailey v. Johnson*, 946 F.2d 1019, 1021 (5th Cir. 1988).

Like Plaintiff's previous filings in this district, this lawsuit satisfies the standard for maliciousness.  As noted above, Plaintiff has a significant history of repeatedly filing frivolous lawsuits across the country.  He has also failed to heed the two prior warnings from judges in this district that continuing to file such vexatious and meritless suits could lead to sanctions and filing restrictions.  *See Devos*, 2020 WL 1272606, at *1; *Jules*, 2023 WL 5963436, at *1.

This case is no different.  Plaintiff has filed at least 16 suits against Defendant in other district courts across the country around the time of the underlying action, alleging identical claims of discrimination, asserting the same failed legal bases under the various federal statutes

and constitutional provisions discussed above, and requesting the same kinds of monetary and injunctive relief. Of those 16 identical suits, 11 have been dismissed or recommended for dismissal due to "the obviously fantastical nature of Plaintiff's complaint as well as the vexatious proclivities of Plaintiff." *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-00205, Doc. No. 3, p. 6 (E.D. Tenn. Sept. 18, 2023); *see also supra* nn.4-7. Therefore, the undersigned recommends that the district court dismiss Plaintiff's complaint as malicious.

### 4. Plaintiff should be barred from filing additional suits in the Southern District of Texas without permission from the Court.

Plaintiff should also be sanctioned from filing any more petitions or complaints in the Southern District of Texas without first obtaining permission from the Chief United States District Judge. Under Federal Rule of Civil Procedure 11(c), federal courts have the authority to sanction *pro se* litigants and attorneys who do not uphold the expectations set forth in Rule 11(b).[11] *Whitehead v. Food Max. of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (violating any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se*

---

[11] In relevant part, Rule 11(b) of the Federal Rules of Civil Procedure requires that by presenting to the court a pleading, an attorney or unrepresented party "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," certify that:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

13 / 15

litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

In *Day v. Allstate Ins. Co.*, the Fifth Circuit recognized that a broad injunction prohibiting a plaintiff from filing any additional actions without first obtaining leave to do so from the district court may be appropriate if a litigant is engaging in a widespread practice of harassment against different people and other sanctions would not be effective. 788 F.2d 1110, 1115 (5th Cir. 1986) (citing *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (concluding the same and noting that injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants)); *see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); *Green v. Carlson*, 649 F.2d 285, 286-287 (5th Cir. 1981) (affirming the lower court's denial of all of petitioner's petitions and motions and prohibition of filing further petitions or complaints accompanied by applications to proceed *in forma pauperis* as sanction for petitioner's filing multiple frivolous petitions).

Plaintiff has filed more than 500 frivolous and repetitive suits against different individuals and entities in federal courts across the country. *E.g.*, *Barkley*, 2023 WL 3300970, at *1. This includes, as discussed above, the 16 identical suits filed in various other district courts against Defendant. Because Plaintiff continues to abuse the judicial process and violate Federal Rule of Civil Procedure 11(b) and indicates that he will continue to do so, the undersigned recommends that Plaintiff be barred from filing any civil actions in this district without the prior approval of the Chief United States District Judge. Based on Plaintiff's flagrant and cavalier abuse, this sanction is sufficiently tailored to protect the judicial process.

### D. Conclusion and recommendations.

The undersigned recommends the following:

- The district court should DISMISS Plaintiff's lawsuit with prejudice.
- Consistent with its prior warnings, the district court should bar Plaintiff from filing any more civil lawsuits in the Southern District of Texas without first obtaining specific authorization from the Chief United States District Judge.

### E. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglas v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on January 3, 2024.

MITCHEL NEUROCK
United States Magistrate Judge